IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DEBRA KENDRICK,**

       Plaintiff,

vs.                                                                                                    Civ. No. 03-464 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed September 2, 2003. Docket No. 8. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken and will be granted for a limited remand.

**I. PROCEDURAL RECORD**

      Plaintiff, Debra Kendrick, applied for Disability Insurance Benefits and Supplemental Security Income Benefits on February 12, 2001. Plaintiff alleged she became disabled on November 10, 2000 due to degenerative joint disease in her knees, hypertension and chronic low back pain. Tr. 96 and 209. The applications were denied at the initial and reconsideration level. The ALJ conducted a hearing on July 31, 2002. At the hearing, the Plaintiff was represented by counsel. On September 20, 2002, the ALJ issued his decision and found that Plaintiff's impairments of

hypertension and bilateral knee degenerative joint disease were "severe" but that Plaintiff was not disabled. Thereafter, the Plaintiff filed a request for review. On February 14, 2003 the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 8. The Plaintiff subsequently filed her Complaint for court review of the ALJ's decision on April 14, 2003.

Plaintiff was forty eight years old on the date the ALJ issued his decision. Tr. 22. She has two years of college and past work experience as a motel maid and nurse's aid. Tr. 18.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1994). To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance. Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Sisco v. United States Dep't. of Health & Human Servs., 10 F.3d 739, 741 (1993). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security

Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Plaintiff was treated for bilateral knee pain in January of 1999 at the Manuel Lopez Family Health Center by James Fasciano, M.D. His treatment notes indicate that Plaintiff's knees were stable and noted there was a small amount of fluid in her knees. Tr. 179. He diagnosed Plaintiff with arthritis in the right knee and prescribed Tylenol. He also recommended a neoprene sleeve with patella cut-out to use with quadriceps strengthening exercises. On March 15, 1999, Plaintiff was seen by a physician's assistant. He found no acute abnormalities or joint effusion in the knees. He also noted that Plaintiff had minimal pain in her knees. She had full range of motion in her knees. He further noted that Plaintiff was experiencing minimal pain and recommended Tylenol. Tr. 175.

An occupational therapist, Anna Kellogg, completed a functional capacities assessment on March 23, 1999. She found that the Plaintiff was able to:  sit and stand 8 hours with brief stretch

breaks hourly; walk 4 hours with brief stretch breaks hourly; lift and carry 25-35 pounds at waist level frequently and occasionally; and occasionally bend.  She further found that Plaintiff could not do anything that requires repetitive motion of the knees or squatting, crawling or climbing. Tr. 153-154.

Plaintiff underwent a consultative psychological evaluation with John L. Collins, Ph.D. on March 24, 1999.  Dr. Collins diagnosed the Plaintiff with generalized anxiety disorder with panic attacks.  He found her global assessment of functioning ("GAF") at 65.  A GAF of 65 indicates that Plaintiff had "[s]ome mild symptoms or some difficulty in social, occupational, or school functioning but was generally functioning pretty well." Diagnostic and Statistical Manual of Mental Disorders DSM-IV, 32 (4th ed. 1994).  It was also his opinion that the Plaintiff would deny psychological problems and would resist traditional psychotherapy. Tr. 155-159.

Plaintiff continued to be treated at the Manuel Lopez Family Heath Center.  She was seen on February 19, 2001 for knee pain and weakness.  She was treated with Vioxx, an anti-inflammatory medication.  On March 5, 2001, her knees showed minimal swelling and again was treated with Tylenol and Vioxx.  An x-ray on March 6, 2001 showed mild to moderate osteoarthritis on the right side and more mild changes on the left side. Tr. 163.  Her medication was changed to Feldane, an anti-inflammatory medication.  A rheumatoid screening in March of 2001 was negative.  Her hypertension was controlled by medication.

Plaintiff was seen by Frederick Hensel, M.D. on April 3, 2001 for bilateral knee pain.  He found that Plaintiff had a full range of motion, no effusion and stable knees.  His impression was patellar femoral arthritis.  He recommended that she continue with anti-inflammatory medication. Tr. 180.

Plaintiff saw Maxismo Torres, M.D. in March of 2002 and he recommended that the Plaintiff

work in an office setting. Tr. 202. In April of 2002 he restricted her from heavy lifting and twisting of the knees. Id. In July of 2002 Plaintiff fell, injuring her right wrist, right knee and left hip. Dr. Torres restricted her from using her hands in a repetitive motion or for lifting for six months. Tr. 199.

## IV. DISCUSSION

Plaintiff alleges that the ALJ's finding regarding Plaintiff's residual functional capacity ("RFC") is not supported by the substantial evidence and his analysis does not follow the correct legal standards; that the ALJ erred in analyzing Plaintiff's complaints of pain; that the ALJ's credibility finding is not supported by the substantial evidence; that the ALJ's's hypothetical did not include all of Plaintiff's limitations; and that the ALJ erred in giving little weight to the opinion of Dr. Collins.

Residual Functional Capacity.

The determination of Plaintiff's RFC is the extent to which Plaintiff's impairments and related symptoms affect her capacity to do work-related activities. Social Security Ruling ("SSR") 96-5p (1996 WL 374183); SSR 96-8p (1995 WL 374184). An evaluation of an RFC is a decision of what a Plaintiff can do despite her limitations. 20 C.F.R. §§404.1545(a); 416.945(a). In this matter, the ALJ determined that Plaintiff had an RFC for sedentary work activity. Tr. 24. Sedentary work is work that involves lifting no more than ten pounds at a time with frequent lifting or carrying of objects like docket files, ledgers, and small tools. 20 C.F.R. §§404.1567(a); 416.967(a). Jobs are also considered sedentary if walking and standing occasionally are required. The ALJ's finding is supported by the substantial evidence.

Plaintiff argues that her knee pain limits her RFC. As noted above, her physicians did not not find disabling knee pain or disabling knee abnormalities. X-rays showed mild to moderate

5

osteoarthritis. Her physicians recommended office work and in January of 1999 restricted her from climbing stairs at work. Tr. 178. Dr. Torres restricted Plaintiff from heavy lifting and twisting of her knees. Tr. 202. Her knee pain was treated conservatively with exercises, neoprene sleeve and over the counter Tylenol though at times she was prescribed Feldane and Vioxx.

Dr. Torres did limit Plaintiff from repetitive use of her hands but only for six months. Tr. 199-200. Barnhart v. Walton, 535 U.S. 212, 218-220 (10th Cir. 2002)( an impairment must last twelve months and must be severe enough to prevent a claimant from substantial gainful work).

Dr. Collins classified Plaintiff's symptoms and difficulties at work as mild. Tr. 20, 22, 159. He specifically found that Plaintiff's anxiety was not disabling. Tr. 157.

<u>Pain and credibility finding</u>.

Plaintiff asserts that the ALJ erred in analyzing Plaintiff's complaints of pain and that the ALJ's findings concerning Plaintiff's credibility is not supported by the substantial evidence. An ALJ must give specific reasons why he rejects a Plaintiff's subjective complaints of pain. Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1995). The ALJ's determination in this matter is consistent with the law and the regulations.

In Kepler, the court put forth factors an ALJ should consider in evaluating subjective allegations of pain. These factors are : 1) whether the objective medical evidence established a pain-producing impairment; 2) if so, whether there is a loose nexus between the proven impairment and the claimant's subjective allegations of pain; and 3) if so, whether considering all the evidence, claimant's pain is in fact disabling. Kepler, 68 F.3d at 390. However "Kepler does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of Kepler are satisfied."

6

Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

In this matter, the ALJ set forth the reasons supporting his negative credibility assessment. The ALJ noted that Plaintiff testified at the hearing she had to wear knee braces; however, the medical record showed that she refused to wear them. Tr. 21. The ALJ noted that Plaintiff was treated with Tylenol, Vioxx and Feldene. He properly noted that Plaintiff indicated she was unable to buy prescribed medical because of her financial situation however, she testified that she did not use the medication because it made her sleepy. Diaz v. Secretary of H.H.S., 898 F.2d 774, 777 (10th Cir. 1990)(Inconsistencies in testimony may be weighed against the Plaintiff). Contrary to Plaintiff's assertion, the ALJ did not rely on Plaintiff's failure to take medication for his determination of noncredibility. Rather, he simply noted the inconsistency in the record in his credibility determination.

The ALJ further noted that Plaintiff stated she could not drive because of the pain but drove 110 miles to attend the hearing. Tr. 21, 44-47. Moreover, the ALJ noted that at the hearing Plaintiff did not show signs of discomfort. Tr. 21. Barnett v. Apfel, 231 F.3d 687, 689 (10th CIR. 2000)(demeanor at the hearing may be considered in a credibility evaluation). The ALJ further considered that Plaintiff took care of her personal needs which indicates the she is not disabled. Tr. 21.

The ALJ also considered the compatibility and consistency of the objective medical evidence and the nonmedical evidence. Tr. 19-24. In this matter, the medical record contains x-rays of Plaintiff's knees which indicate arthritis. However, the physical findings do not support that Plaintiff's arthritis is disabling. The treatment notes reveal that Plaintiff's knees were stable, exhibited no acute abnormalities or joint effusion and she had a full range of motion. Though her physicians placed

some limitations on her physical activities, they did not find that she was disabled from all work activities. The ALJ's finding is supported by the substantial evidence.

### Psychological report.

Plaintiff asserts that the ALJ erred in giving little weight to Dr. Collin's psychological evaluation. However, as Defendant has indicated, the ALJ did not discredit Dr. Colin;'s opinion. Dr. Collins found that Plaintiff had a generalized anxiety disorder with panic attacks. However, he further found that her GAF was 65 which means that Plaintiff had mild symptoms and mild difficulties functioning on the job. Thus, this supports the ALJ's finding that her mental impairment is not severe. Bowen v. Yuckert, 482 U.S. 137, 146 (1987)(An impairment is nonsevere if it does not significantly limit a claimant's physical or mental ability to do basic work-related activities.) Thus, Plaintiff's assertion that the ALJ failed to give appropriate weight to Dr. Collins' report is without merit.

### Vocational expert testimony.

Plaintiff asserts that the ALJ erred by failing to include all of Plaintiff's impairments in the hypothetical questions to the vocational expert. Specifically, Plaintiff argues that the ALJ did not include restrictions for crawling, squatting or climbing or Plaintiff's mental impairments. Hypothetical questions must only include limitations supported by the evidence in the record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996).

The ALJ asked the vocational expert to assume that a person could lift ten pounds occasionally and frequently and that she would be standing and walking a maximum of two hours out of an eight-hour day. Tr. 50. The ALJ also asked the vocational expert to assume that the Plaintiff was limited to occasional climbing, balancing, stooping, crouching, crawling, infrequent kneeling and

must avoid heat and balancing. Tr. 23 and 50. Based on these limitations, the vocational expert stated that the Plaintiff could perform three unskilled sedentary positions as mail sorter, charge account clerk and surveillance system monitor. Tr. 23, 50 and 51.

The mental limitations proposed by the Plaintiff are not supported by the record. None of Plaintiff's treating physicians indicated that the Plaintiff had significant limitations or was disabled due to a mental impairment. Plaintiff was not prescribed any medication for a mental impairment. Plaintiff was not treated by a mental health care provider. In the psychological evaluation performed by Dr. Collins, he specifically found that Plaintiff "is not experiencing disabling anxiety" and that she "probably has been able to maintain an adequate level of working efficiency." Tr. 157.

However, Plaintiff has significant limitations because of bilateral knee pain. Specifically, the medical records indicate that the Plaintiff is unable to climb stairs, squat or crawl. In January of 1999, Dr. Fasciano limited Plaintiff from climbing stairs at work. In conducting a functional capabilities assessment on March 23, 1999, an occupational therapist also found that Plaintiff should never climb stairs, squat or crawl. The ALJ erred in not including all of Plaintiff's physical limitations due to Plaintiff's osteoarthritis in her knees in the hypothetical to the vocational expert. Likewise, the testimony of the vocational expert does not address whether the three unskilled sedentary positions she says the Plaintiff can perform require climbing stairs, squatting or crawling.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is granted for proceedings consistent with this memorandum opinion and order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**